**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Portia McCollum,<br>Derivatively on Behalf of Nominal Defendant UnitedHealth Group Incorporated,<br><br>　　　Plaintiff,<br><br>v.<br><br>Andrew P. Witty, et al.,<br><br>　　　Defendants,<br><br>And<br><br>UnitedHealth Group Incorporated,<br><br>　　　Nominal Defendant. | Case No. 24-cv-2643 (JMB-DTS)<br><br>**ORDER TO CONSOLIDATE** |
| Gerald Joseph Lovoi,<br>Derivatively on Behalf of Nominal Defendant UnitedHealth Group Incorporated,<br><br>　　　Plaintiff,<br><br>v.<br><br>Andrew Witty, et al.,<br><br>　　　Defendants,<br><br>and<br><br>UnitedHealth Group Incorporated,<br><br>　　　Nominal Defendant. | Case No. 24-cv-3236 (JMB-DTS)<br><br>**ORDER TO CONSOLIDATE** |

Sean Collins,
Derivatively on Behalf of Nominal Defendant
UnitedHealth Group Incorporated,
    Plaintiff,

v.

Andrew Witty, et al.,

    Defendants,

And

UnitedHealth Group Incorporated,
Nominal Defendant.

Case No. 24-cv-3484 (JMB-DTS)

**ORDER TO CONSOLIDATE**

The parties filed a Joint Motion to Consolidate, Extend Deadline to Respond, Appoint Co-lead and Liaison Counsel and Stay Action in each of the above cases. Dkt. Nos. 14, 10, 21. After reviewing the Joint Motion, **IT IS HEREBY ORDERED**:

1. The motion is **GRANTED**.

2. Defendants need not answer, move, or otherwise respond to any of the complaints that have been filed in the above-captioned matters until further order by this Court.

3. The following actions (together, the "Consolidated Derivative Action") are hereby related and consolidated for all purposes, including pre-trial proceedings and trial.

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Portia McCollum v. Andrew P. Witty et al.* (the "*McCollum* Action") | 0:24-cv-002643-JMB-DTS | July 8, 2024 |
| *Gerald Joseph Lovoi v. Andrew Witty et al.* (the "*Lovoi* Action") | 0:24-cv-03236-JMB-DTS | August 12, 2024 |

2

| | | |
|---|---|---|
| *Sean Collins v. Andrew Witty et al.* (the "*Collins* Action") | 0:24-cv-03484-JMB-DTS | August 29, 2024 |

4.  Every pleading filed in the Consolidated Derivative Action, or in any action included herein, must bear the caption of the first-filed McCollum Action.

5.  The files of the Consolidated Derivative Action shall be maintained on file under Lead Case No. 0:23-cv-002643-DTS.

6.  To the extent any Individual Defendant has not yet been served or accepted service, each agrees to accept service.

7.  All proceedings in this action, including but not limited to Defendants' obligation to answer, move, or otherwise respond to the complaint are stayed, subject to the conditions discussed herein.

8.  Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action shall be designated as:

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Gina M. Serra
Herbert W. Mondros
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
(302) 295-5310
sdr@rl-legal.com
gms@rl-legal.com
hwm@rl-legal.com

**ROWLEY LAW PLLC**
Shane T. Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
(914) 400-1920
srowley@rowleylawpllc.com
drl@rowleylawpllc.com

**GLANCY PRONGAY & MURRAY LLP**
Brian P. Murray
230 Park Avenue, Suite 358
New York, NY 10169
(212) 682-5340
bmurray@glancylaw.com

9. Defendants take no position with respect to the designation of Co-Lead Counsel.

10. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations, and shall make all work assignments to other plaintiffs' counsel in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

11. Plaintiffs' Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

12. Liaison Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action shall be:

**REINHARDT WENDORF & BLANCHFIELD**
Garret D. Blanchfield (#209855)
Brant D. Penney (#316878)
Roberta A. Yard (#322295)
80 South 8th Street, Suite 900
Minneapolis, MN 55402
(651) 287-2100
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com
r.yard@rwblawfirm.com

13. Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

14. Defendants' counsel may rely upon any and all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

15. This Order shall apply to each purported derivative action arising out of the same or substantially the same transactions or events as the Consolidated Derivative Action that is subsequently filed in, removed to, or transferred to this District. When a case which properly belongs as part of the Consolidated Derivative Action is hereafter filed in, remanded to, or transferred to this District, counsel for the Parties shall call such filing, remand, or transfer to the attention of the Clerk of the Court for purposes of moving this Court for an order consolidating such case(s) with the Consolidated Derivative Action. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions filed in this District, removed to this District, reassigned to this District, or transferred to this District from another court.

16. Defendants shall promptly notify Plaintiffs of the filing of any related shareholder derivative proceedings in any forum that concern the same or similar subject matter as the complaint in this action ("Related Derivative Action"). Further, Defendants will promptly notify Plaintiffs in the event any such Related Derivative Action is not stayed. If any Related Derivative Action is not stayed for the same or longer duration as the

5

Consolidated Derivative Action, Plaintiffs may terminate this stay after 14-days' written notice via email to counsel for Defendants.

17.     The stay established herein shall terminate pending the final resolution of the forthcoming motion to dismiss by Defendants in the federal securities action captioned *City of Hollywood Firefighters' Pension Fund v. UnitedHealth Group Inc., et al.*, No. 0:24-cv-01743 (D. Minn.) (the "Securities Class Action"), which shall mean the earlier of (i) an order or ruling in the Securities Class Action granting the motion to dismiss with prejudice, including the exhaustion of all appeals therefrom; or (ii) the denial of the motion to dismiss the Securities Class Action, in whole or in part.

18.     During the pendency of the stay, should Nominal Defendant UnitedHealth Group Incorporated ("UHG") make any production of documents to the Securities Class Action or any other shareholder of UHG related to the allegations in the Action pursuant to 8 *Del. C.* § 220, UHG will promptly provide those documents to Plaintiffs, subject to entry into an acceptable form of confidentiality agreement.

19.     If Defendants engage in mediation in the Securities Class Action or a Related Derivative Action or with shareholders who made a Section 220 Demand, Defendants agree to provide Plaintiffs with reasonable advanced notice and shall invite Plaintiffs to participate in the mediation(s) or, in the event Plaintiffs are not permitted to participate in such mediation(s), then Defendants will separately mediate with Plaintiffs at or around the same time.

20.  During the stay, Plaintiffs may file an amended complaint, but Defendants shall not be required to respond to any amended complaint during the pendency of the stay.

Dated: November 26, 2024                   s/David T. Schultz
 DAVID T. SCHULTZ
 U.S. Magistrate Judge